## WOOD *vs.* CHETWOOD.

1. As a general rule, testimony, which is merely incompetent or irrelevant, will not be suppressed before hearing, but if it has been elicited by leading interrogatories it may be suppressed before, so that the witness may be re-examined.

2. A man marrying a woman who is an executrix, by the marriage becomes an executor in her right, and renders himself a trustee with her of the assets of the estate, and as such, may be compelled to account.

3. To a bill against a woman as executrix, her husband is a necessary party.

4. When the husband of a woman who is an executrix or administratrix, survives her, he is liable for whatever assets came to her hands or his own, during coverture.

5. A communication made by a husband to his wife respecting trust property which it is their joint duty to carefully preserve and surrender to the lawful owner when lawfully entitled to it, is not confidential within the meaning of the statute relieving husband and wife from obligation to disclose any confidential communication made by one to the other, during coverture.

6. Where, under a bill for an account against an executrix and her husband, the executrix produced in evidence, upon her examination before the master during her husband's absence from the country, certain letters, papers, and an account book of her husband's, which she found among his papers in their house during his absence, an application for an order suppressing the wife's testimony and the documents produced by her, and directing the documents to be returned to his solicitor, on the ground that their production was a breach of duty and a betrayal of confidence, was refused; it not appearing but that the documents might be material to the issue, and if they related to the trust property the husband was bound to produce them.

7. The court will not stop to consider how papers material to the issue were obtained by the party offering them, whether lawfully or unlawfully; if they tend to elucidate the point in dispute, the court is bound to receive the light they give.

On motion to suppress the testimony of a wife who is a party to the suit.

*Mr. Cortlandt Parker,* for motion.

*Mr. Vanatta,* Attorney-General, *contra.*

THE VICE-CHANCELLOR.

The defendants in this action are husband and wife. The complainant is the daughter of the female defendant. The object of the bill is to compel the defendants to account for certain property which, it is alleged, came to their possession as trustees of the complainant. At the time the defendants were married, the wife was one of the the executors of the will of her first husband, Dr. Oliver H. Spencer, deceased, under which the complainant is entitled to a share of the estate, and it is alleged that shortly after their marriage, in consequence of the death of the other executor, the whole estate of Dr. Spencer passed into their hands, and that they now refuse to account fairly with the complainant, and to pay her her just share of the estate. An account is prayed, and that the defendants may be decreed to pay to the complainant her share of her father's estate. The bill was filed April 16th, 1875. Both defendants have answered, alleging a fair accounting with the complainant and her husband, who died in 1865, and payment to them of the full amount due. The husband has been in Europe continuously since the spring of 1872. The wife has recently been examined before a master, upon due notice, as a witness for the complainant, and produced in evidence certain letters, papers, and an account book of her husband, which she found among his papers in the house where they lived together before he went to Europe. Application is now made to suppress the testimony of the wife, including the documents produced by her, and for an order directing the documents to be returned to the solicitor of the defendants, and that the further production of proofs be suspended until the absent defendant shall have had an opportunity to return from Europe.

As a general rule, testimony, which is merely incompetent or irrelevant, will not be suppressed before hearing, but if it has been elicited by leading interrogatories it may be suppressed before, so that the witness may be re-examined. *Brown* v. *Buckley*, 1 *McCarter* 294. So, if it discloses confidential communications, made by a client to his legal adviser,

it may be suppressed before hearing.　1 *Daniell's Ch. Pr.* 951; *Sandford* v. *Remington,* 2 *Ves.* 189.

The present application is put upon the ground that a wife cannot be made a witness against her husband in a case like this, without producing a betrayal of that confidence which the law deems essential to the happiness of the married state.

There can be no doubt, upon the case made by the bill, that the husband and wife are both necessary parties to this action, and that if the complainant establishes the case made by her bill, a decree must go against both.　A man marrying a woman who is an executrix, by the marriage becomes an executor in her right, and renders himself a trustee with her of the assets of the estate, and as such, may be compelled to account. *Lindsay* v. *Lindsay,* 1 *Dessaus.* 150.　And even where the husband of a woman who is an executrix or administratrix survives her, he is·liable for whatever assets came to her hands or his own, during coverture, upon the familiar principle that all persons coming into possession of property bound by a trust, with notice of the trust, are chargeable in equity as trustees.　2 *Williams on Ex'rs* 1563; *Adair* v. *Shaw,* 1 *Sch. & Lefr.* 243; *Clough* v. *Bond,* 3 *Myl. & Cr.* 491.　If the case made by the complainant's bill is established, the defendants are, unquestionably, jointly liable; they are both proper and necessary parties to the suit, and the complainant has a clear right, by statute, to call either, or both, to testify to all the facts within their knowledge pertinent to the issue. *Revision* 267, § 2.　By the fifth section of the act concerning evidence, (*Revision* 268,) husbands and wives are made competent witnesses, and may be compelled to testify in the same manner as other witnesses, in any suit or proceeding in which either, or both, are parties, before any court or tribunal having power to hear evidence, except in criminal proceedings against either, or in actions by one against the other for divorce on the ground of adultery, or in actions for criminal conversation, but neither shall be compelled to disclose any confidential communication made by one to the other during coverture.

An examination of the testimony shows that none of the facts put in proof by the wife's evidence were communicated to her by her husband. Where nothing is drawn from the wife, confided to her by her husband, there is no violation of confidence. Indeed, I do not see how any communication made by him to her, respecting the trust property, which it was their joint duty to carefully preserve and freely surrender to the lawful owners when they were lawfully entitled to it, can be regarded as confidential within the meaning of the statute. The law will tolerate no concealment by a trustee. He can have no secrets or confidences respecting the trust property, which a court of justice will permit him to keep from his *cestui que trust.* He can be safe only in the faithful discharge of his duty.

It appears part of the documents offered in evidence were found by the wife among the papers of her husband. They are not before me. It is not alleged they are objectionable because incompetent or irrelevant. I must assume, therefore, they are material to the issue. It is insisted their production by the wife is a breach of duty and a betrayal of confidence, which the court cannot permit without endangering the institution of marriage. If they relate to the trust property, the husband is bound to produce them. Besides, the court will not stop to consider how papers material to the issue were obtained by the party offering them, whether lawfully or un-lawfully; if they tend to elucidate the point in dispute, the court is bound to receive the light they give. 1 *Greenleaf's Ev.* 254, *a ; Commonwealth* v. *Dana,* 2 *Metc.* 337. However, I confess I am unable to see how the wife commits a breach of duty or a betrayal of confidence, in doing that which the husband would be compelled to do if he were within the reach of the process of the court.

The motion must be denied and the order to show cause discharged.

I would be inclined to advise an order suspending the further production of proofs until the defendant had had a reasonable opportunity to return to this country, if there was

anything before me showing that he intended to return soon. If he does intend to return soon, on proper verification of that fact, an application for such an order may hereafter be made.